UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHANDRAWATTIE IKHIEDE,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security Administration,<br><br>    Defendant. | Case No. 2:16-cv-02283-JAD-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Chandrawattie Ikhiede's ("Plaintiff") application for disability insurance benefits under Title II and Title XVI of the Social Security Act. The court has reviewed Plaintiff's motion to remand (ECF No. 9), filed December 30, 2016, and the Commissioner's response and cross-motion to affirm (ECF No. 14), filed March 16, 2017.

**BACKGROUND**

**1. Procedural History**

In February 7, 2013, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of December 7, 2012. AR[2] 21. Plaintiff's claim was denied initially, and on reconsideration. AR 152-53, 166-7. A hearing was held

---

   [1] Nancy A. Berryhill is now the Acting Commissioner of Social Security, and under Rule 25(d) of the Federal Rules of Civil Procedure, she has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. *See* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

   [2] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 6).)

before an Administrative Law Judge ("ALJ") on February 23, 2015. AR 70-105. On May 14, 2015, the ALJ issued a decision finding Plaintiff was not disabled. AR 21-31. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-7. Plaintiff, on September 28, 2016, commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF Nos. 1, 3.

**2.      The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 22-23. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of December 7, 2012. AR 23. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of early left shoulder osteoarthritis, subsequent to surgeries in June 2008, and then 6 years later in June 2014, and moderate degenerative disc disease of the cervical spine without severe stenosis or nerve root impingement. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. AR 26. At step four, the ALJ found that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only perform occasional pushing and pulling tasks with her left upper extremity; only occasional climbing of ladders, ropes, or scaffolding; and only frequent climbing of stairs or ramps, balancing, crawling, and bilateral overhead reaching. AR 26. The claimant should avoid concentrated exposure to extreme cold, wetness, and vibration, and to hazards such as working close to dangerous moving machinery or at unprotected heights. *Id.* The ALJ also noted that Plaintiff is unable to perform past relevant work. AR 29. At step five, the ALJ found that Plaintiff is approaching advanced age, has at least a high school education, and is able to communicate in English. AR 30. Considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from December 7, 2012, through the date of the decision, on May 14, 2015. AR 31.

///

# **DISCUSSION**

## 1. **Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d

1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

**3.  Analysis**

Plaintiff moves to remand this matter because the ALJ failed to find that Plaintiff's Carpel Tunnel Syndrome was a severe impairment, failed to properly address the opinions of a medical consultant and consultative examiner, and made a decision regarding Plaintiff's ability to perform other work in the national economy that was not based upon substantial evidence.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  *See* 20 C.F.R. §§ 404.1527, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a

treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995).

Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. *Id*. However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician;" such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. *Lester*, 81 F.3d at 830-31. An ALJ need not accept the opinion of any physician if it is brief, conclusory, and inadequately supported by clinical evidence. *Thomas*, 278 F.3d at 957.

**a. The ALJ's evaluation of the severity of Plaintiff's Bilateral Carpal Tunnel Syndrome**

Plaintiff seeks reversal of the ALJ's decision because the ALJ committed error in evaluating the severity of Plaintiff's Bilateral Carpal Tunnel Syndrome. Plaintiff argues that the ALJ's opinion fails to consider that treating physician Dr. Harb physically examined Plaintiff and found that her carpel

tunnel syndrome became worse from 2008 to 2014, and that she was justified in her failure to comply with her doctor's instructions. The commissioner responds that the ALJ's decision was properly based on a rational interpretation of the overall record.

A "severe" impairment is one that significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." *See* Social Security Ruling (SSR) 85-28, 1985 WL 56856.

Here, the ALJ properly considered the April 2014 nerve conduction studies that showed carpel tunnel syndrome, but also determined that the clinical findings of the tests were generally unremarkable, and several physicians, including Dr. Harb, found that Plaintiff had good grip strength, normal fingering, and no sensory loss. The ALJ noted that treating physician Dr. Prabhu's treatment notes did not mention hand pain, and that Dr. Harb cited complaints of hands but listed them as subjective complaints. Consulting internist Dr. Mumford observed that the carpal tunnels had been "normal" according to the most recent EMB and no surgery was indicated. Additionally, the ALJ's findings were supported by the state agency medical consultants' opinions that the carpel tunnel syndrome was not a severe impairment. *See Thomas*, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Finally, the ALJ reasonably concluded that Plaintiff's daily activities showed that carpel tunnel syndrome did not preclude Plaintiff from performing basic work activities. The ALJ may consider inconsistencies in the evidence and the extent of conflicts with the claimant's statements. *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

Plaintiff correctly points out that, in order for the Commissioner to deny benefits based upon a failure to follow prescribed treatment, the ALJ must also determine whether the failure was unjustified. *See* SSR 82-59 (listing conditions that must exist to deny benefits). Here, the ALJ did not provide a clear justification for her finding that Plaintiff was non-compliant with prescribed treatment, but the ALJ provided other sufficient independent justifications to find that the Plaintiff's carpal tunnel syndrome was not severe. *See Burch*, 400 F.3d at 679 ("A decision of the ALJ will not be reversed for errors that are harmless"). Accordingly, the ALJ made a rational interpretation of the overall record,

and appropriately found that Plaintiff's carpel tunnel syndrome was non-severe. *See Batson*, 359 F.3d at 1196 ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ"). The ALJ's failure to determine whether Plaintiff's failure to follow prescribed treatment was justified is not necessary for the outcome of this issue, and is harmless.

**b. The ALJ's consideration of the opinions of state agency medical consultants Dr. Perll and Dr. Mumford**

Plaintiff argues that the ALJ erred because she failed to mention or reference consultative examiner Dr. Perll's opinions in the decision, and gave Dr. Mumford's similar opinion insufficient weight, and this was significant because Dr. Perll opined that Plaintiff was limited to only "occasional" overhead reaching of her upper left extremity, which is her dominant hand. According to the vocational expert ("VE"), if Plaintiff was limited to only "occasional" overhead reaching with her dominant left hand, then she would be unable to do any work in the national economy at the light exertional level, thereby directing a finding of disabled. The Commissioner responds that the ALJ properly gave more weight to Dr. Mani's opinion because it appears most consistent with the medical records as a whole and because Dr. Mani is trained in Social Security disability, and argued that Dr. Mumford's opinion supported Dr. Mani's conclusion that Plaintiff could perform frequent overhead reaching with her bilateral upper extremities. The Commissioner argues that the failure to consider Dr. Perll's opinion was harmless.

Consistent with Dr. Mani's opinion, the ALJ's hypothetical question to the VE included the RFC limitation that a person similar to Plaintiff can "frequently do overhead work bilaterally." AR 101. Plaintiff argues that the ALJ's failure to discuss Dr. Perll's opinion that Plaintiff was limited to "occasional" bilateral overhead reaching is erroneous because the RFC limited Plaintiff to "frequent" overhead reaching, allowing her to do work in the national economy.

There is no contention that Plaintiff has any limitation with her right arm. Plaintiff can perform required reaching with her right extremity, and courts have routinely held that jobs requiring reaching do not necessarily involve the use of both hands. *See Landrum v. Colvin*, 2013 WL 3819675, at *6 (C.D. Cal. July 23, 2013)(collecting cases). Plaintiff makes no argument that the jobs identified

9

by the VE require frequent reaching with both upper extremities. The Dictionary of Occupational Title (DOT) job descriptions of the identified jobs do not require frequent reaching with both arms. Additionally, persuasive cases establish that the DOT does not require use of both arms. *See, e.g., Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) (DOT does not contain a requirement of bilateral fingering and handling); *Diehl v. Barnhart*, 357 F. Supp. 2d 804, 822 (E.D. Pa. 2005) (person with limited use of one arm could perform jobs requiring frequent reaching, handling and fingering and thus no conflict between DOT and VE testimony); *Palomares v. Astrue*, 887 F. Supp. 2d 906, 920 (N.D. Cal. 2012) (DOT does not explicitly require reaching with both arms); *Salcido v. Astrue*, 2012 WL 2160346, at *4 (C.D. Cal. June 13, 2012) (DOT job descriptions do not include a requirement for using both arms to reach); *Feibusch v. Astrue*, 2008 WL 583554, at *5 (D. Haw. Mar. 4, 2008) (use of two arms not necessarily required for jobs that require reaching and handling). The ALJ found, based upon the VE testimony, that Plaintiff could perform jobs that exist in substantial numbers in the national economy. The ALJ's step five decision that Plaintiff can perform jobs that exist in substantial numbers in the national economy is supported by substantial evidence, and the failure to consider Dr. Perll's opinion was harmless error.

**c. The ALJ's finding regarding Medical Vocation Rule 202.14**

Plaintiff argues that there was no substantial evidence that Plaintiff has at least a high school education, and so the ALJ erred in using the Rule as a framework to make a finding that Plaintiff could perform other work, and therefore was not disabled. The Commissioner responds that the ALJ properly applied the Rule.

In determining whether a successful adjustment to "other work" can be made, the ALJ must consider claimant's RFC, age, education, and work experience in conjunction with the Medical Vocational Guidelines. 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the rules direct a conclusion of "disabled" or "not disabled" depending upon the claimants's specific vocational profile. SSR 83-11. When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion, and has non-exertional limitations, the rules are used as a framework for decision making unless there is a rule that directs a conclusion of "disabled' without consideration of additional

exertional or non-exertional limitations. SSR 83-12 and 83-14. If the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded, the ALJ must inquire of the VE whether jobs existed in the national economy for an individual with the claimant's age, education, work experience and RFC. Here, the ALJ did so, and the VE provided occupations which could be performed by Plaintiff.

The ALJ asked the VE to consider a hypothetical person with the age, educational, and vocational background as Plaintiff, and the same RFC for a range of light work, and the VE identified appropriate positions. The VE was aware of Plaintiff's educational background based upon the hearing testimony in which plaintiff explained her educational background. Accordingly, Plaintiff's educational background was correctly assessed by the VE in arriving at his opinions as to appropriate positions. Additionally, the ALJ properly found that Plaintiff could perform light work, and under Medical Vocational Rule 202.11, Plaintiff had past work experience as a caregiver with a specific vocational preparation (SVP) of 3, which corresponds to semi-skilled work. *See* SSR 00-4p. Accordingly, the ALJ appropriately made a finding of "not disabled" under the framework because, considering her age, education, work experience, and RFC, the Plaintiff is capable of making a successful adjustment to other work.

## **CONCLUSION AND RECOMMENDATION**

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reversal/remand (ECF No. 9) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 14) be **granted.**

///
///
///
///
///
///
///

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 16, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**